IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 07 CR 791-1 |
| | ) | Judge Milton I. Shadur |
| **Hermangildo Contreras,** | ) | |
| Defendant. | ) | |

### DEFENDANT POSITION PAPER ON SENTENCING
### AND
### REQUEST FOR DOWNWARD DEPARTURE.

### Background

Mr. Contreras is 30 year of age, married and the father of three minor children. At the age of 8 Mr. Contreras along with his mother immigrated to the United States from their native Belize. He has resided in the United States until May 28, 2003 when he was deported as a result of his conviction for criminal sexual abuse of a minor. He resided in Belize from 2003 to 2005 when he reentered the United States in order to be able to financially support his family.

Subsequent to this last arrival into the United States Mr. Contreras was stopped by a Zion Police Officer on October 17, 2007. Pursuant to this stop Immigration officials were contacted and as result of such the present charge were filed against Mr. Contreras.

Mr. Contreras entered a plea of guilty in this matter immediately and expressed his desire to enter a plea at his initial appearance before the court on this matter waiving any request for bond.

### Sentencing Guidelines.

Pursuant to applicable sentencing guidelines, the probation department reached an adjusted offense level of 21 with a criminal history category of III which leads to a sentencing range for imprisonment of 46 to 57 months. Mr. Contreras requests that the Court consider a downward departure in this matter based on his unique situation and future challenges he faces beyond those of other individuals facing incarceration.

### The Guidelines and Section 3553 Factors.

Under the United States Supreme Court's decision in *United States v. Booker*, 543

U.S. 220, 245-46 (2005), the Sentencing Guidelines are "advisory," and the factors listed in 18 U.S.C., § 3553(a) must be considered by the court when imposing a sentence on a defendant. The primary directive under § 3553(a) is that the court must impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purpose of sentencing.

These purposes include among others the need to reflect the seriousness of the offense, promote due respect for the law, provide just punishment, create adequate deterrence, and provide the defendant with necessary treatment and training. Section 3553(a) also directs the court to consider other factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guideline range, pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. (18 U.S.C. § 3553(a)).

**Personal Background and Family Circumstances**

Mr. Contreras' early history and family circumstances must be considered under the "history and characteristics" component set forth under § 3553(a) (1). Mr. Contreras is presently 30 years of age. When Mr. Contreras was only three months of age his life was met with trauma when his father apparently committed suicide in his native Belize. As a result of this Mr. Contreras was raised by his mother who had to support the family with the help of relatives. This situation led to Mr. Contreras and his family living in virtual poverty.

Eventually at the age of 8 Mr. Contreras and his mother immigrated to the United States where he resided until he was deported in 2003. While it is true that Mr. Contreras did violate the law on several occasions during this period of time, he also did live a productive life and established a family. He was married, had three children and gainfully employed. He had a close relationship with his mother, wife, children and brothers.

**Criminal Background.**

While the Presentence Report correctly reflects Mr. Contreras' criminal background it is necessary for the court to fully understand a few of the charges and why a downward departure is appropriate in this matter.

If one were to simply look at Mr. Contreras' criminal history a reasonable conclusion could be that Mr. Contreras is nothing more than a criminal, however we urge the court to go beyond the black and white description of Mr. Contreras' criminal history. Looking at the background of the most serious criminal charges that Mr. Contreras has on his record, criminal sexual abuse of a minor and Unlawful use of a weapon the court will undoubtedly see that these cases are not necessarily what they seem.

With regard to the charge of Unlawful Use of a Weapon charge, we feel that more than the simple charge is needed to understand what transpired in this case. In this particular case Mr. Contreras did not use the gun in any fashion; rather he was with an individual on New Year's Eve who fired off the weapon in celebration of the New Year. This not a situation of gang shooting or a robbery it was a situation where Mr. Contreras and his friend decided to celebrate the New Year in an inappropriate way.

With regard to the charge of criminal sexual abuse of a minor, there is no question that Mr. Contreras did commit the statutory definition of criminal sexual abuse of a minor in that he was 18 while the minor was 13. However the true facts of the case show a much more different situation.

When Mr. Contreras was 18 he met and began to date Crystal Ayala, a person who eventually became his wife and the mother of his three children. At the time when the couple met, Mr. Contreras was 18 and Crystal was 13. Eventually the couple's relationship progressed further. This eventually led to Mr. Contreras being charged with the offense of Criminal Sexual Abuse of a Minor. While the charge itself gives a different impression of Mr. Contreras, it must be remembered that Mr. Contreras and Mrs. Ayala were a couple who decided to share their lives together. Mr. Contreras was eventually arrested and charged with the offense noted.

Mr. Contreras eventually pled guilty to this charge and was sentenced to a period of probation along with periodic imprisonment. The fact that he was placed on probation clearly reflects the fact that Mr. Contreras was not deemed a threat to the public as a result of this charge. He successfully completed probation and successfully completed the counseling program mandated by the court.

We urge the court to consider the above cases in their true light. While the charges may sound sinister, the underlying facts clearly paint a different picture. We ask that the Court look at these facts in considering an appropriate sentence in this matter.

**Factors Supporting Downward Departure.**

As previously noted, Mr. Contreras and his wife share three (3) children together, Govannie age 6, Nathanial age 5 and Jozlynn age 2. Mr. Contreras is devoted to this wife and children and recognize that as a direct result of his actions he will be separated from his wife and children for a period of time. While separation from his wife and children may not warrant a downward departure, Mr. Contreras' situation is more unique because after his incarceration he will be deported from the United States. As such his wife and children will have a difficult future faced with the heart wrenching decision of either living in the United States without a husband and father or depart from the only country they know and live in Belize. Either situation will be difficult for Mr. Contreras, his wife and his children.

Mr. Contreras wants this court to understand that his motive for entering the United States after his deportation was that he wanted to support his wife and at that time his

young child. He had no way of supporting his wife and young child through the meager wages he was earning the Belize. While Mr. Contreras recognizes that he was wrong and that he broke the law, he does not wish to excuse his actions; he only wants the court to understand who he is and what his motives were.

Mr. Contreras is well aware that he will be incarcerated for a period of time. After this incarceration he will be deported back to Belize. We are asking the court to take the above facts into consideration in sentencing Mr. Contreras. Mr. Contreras' unique situation warrant that the Court consider a downward departure in this case.

In addition, unlike other defendants who are citizens of the United States Mr. Contreras would not be eligible for certain benefits afforded to citizens of the United States as a result of his immigration status. He in essence will be subject to more severe conditions than the usual residents in the prison system. He will be ineligible for camp or assignment to a minimum security facility and would not receive the benefits of residing in a half-way house during the last portion of his sentence.

Furthermore Mr. Contreras respectfully asks that the court consider a downward departure in this case based on Mr. Contreras' physical and mental health. As noted in the Presentence Report Mr. Contreras is 5'5" and weighs 323 pounds. There is no question that any period of incarceration will negatively impact Mr. Contreras' health beyond that of any other inmate because of his extreme obesity. In addition to this Mr. Contreras suffers from sleep apnea, which he has not been able to treat. We ask that the court take this into consideration in deeming an appropriate sentence in this matter.

Lastly we ask the court to consider Mr. Contreras' mental state. He is extremely depressed about his current situation. His depression stems from being separated from his mother, wife and minor children. He is also concerned about the future, where he and his family will live in Belize and how his family will adjust to life in Belize. Again we ask that the court consider these factors and consider a downward departure in this matter in determining an appropriate sentence in this matter.

**<u>Conclusion</u>**

In closing Mr. Contreras is begging the court for leniency in this matter and is requesting that the court consider a downward departure in this matter considering his unique situation.

                                      Respectfully Submitted

                                      /s/ Isuf Kola

Kola & Associates, Ltd.
800 Roosevelt Rd., Building B Suite 110
Glen Ellyn, Il 60137
Tel. 630-790-6100

**Certificate of Service**

      I, the undersigned attorney, hereby certify that on May 13, 2008, I electronically filed the foregoing with the clerk of the U.S. District Court for the Northern District of Illinois by using the CM/ECF system which will send notification of such filing to the following:

United States Attorney
219 S. Dearborn St. 5th Floor
Chicago, IL 60604

                                          /s/ Isuf Kola
                                          Isuf Kola

Kola & Associates, LTD
800 Roosevelt Rd. Building B Suite 110
Glen Ellyn, IL 60137
Tel.   630-790-6100
Fax.  630-790-6104